**7:24-cv-04582-NSR** <u>Aristizabal v. Irvington Laundry & Cleaners, Inc., et al.</u>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/01/2025

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between and among Defendants IRVINGTON LAUNDRY & CLEANERS, INC. and JOHN KIM (hereinafter collectively "Defendants") and Plaintiff LAURA ARISTIZABAL ("Plaintiff"). Defendants and Plaintiff are referred to collectively as the "Parties."

## RECITALS

**WHEREAS**, on or about June 16, 2024, Plaintiff, through her attorneys, Cohen & Cohen Law., commenced a lawsuit through the filing of the Complaint entitled LAURA ARISTIZABAL v. IRVINGTON LAUNDRY & CLEANERS, INC. and JOHN KIM, Case No: 7:24-cv-04582 in the United States District Court, Southern District of New York (the "Action") seeking damages for discrimination, harassment, constructive termination, interest, attorneys' fees and costs against the Defendants pursuant to Title VII of the Civil Rights Act, New York State Human Rights Law, and related regulations; and

**WHEREAS**, the Defendants interposed an Answer on September 12, 2024;

**WHEREAS**, the Plaintiff filed her Amended complaint on February 10, 2025 to include claims seeking damages for unpaid minimum wages, unpaid overtime wages, liquidated damages, wage notice and wage statement violations, pursuant to the New York Labor Law and the Fair Labor Standards Act, and related regulations;

**WHEREAS**, the Parties mutually desire to fully resolve and forever settle all of the claims asserted by the Plaintiff in this Action, for the purpose of avoiding the time, expense and inconvenience of further litigation;

**WHEREAS**, the Parties are and have been represented by legal counsel at all times throughout the negotiation, preparation and execution of this Agreement, and the Parties have had a full and fair opportunity to consider this Agreement and review all of its terms with the assistance of such counsel;

**WHEREAS**, Defendants deny all claims in Plaintiff's Complaint, and do not admit any violation of law, wrongdoing, or any liability with respect to Plaintiff's allegations; and

**NOW, THEREFORE**, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

## AGREEMENT

**1. Settlement Amount and Payment**

The Parties are entering into this Settlement Agreement and Release in exchange for good and valuable consideration. Plaintiff agrees that she will not seek any further consideration from

Defendants, including any monetary payment, beyond that which is set forth in Paragraph 1 of this Settlement Agreement.

In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's release of claims against Defendants as set forth in Paragraph 4 below, Defendants agree to pay Plaintiff Fifteen Thousand Dollars ($15,000.00) ("Settlement Amount"), inclusive of attorneys' fees and costs, for the purpose of settling the Action. The Settlement Amount shall be paid according to the following schedule as set forth in Paragraph 1 herein, provided that (i) all Parties have executed this Agreement and delivered the same to Defendants' counsel by email at robert@seolawgroup.com, and (ii) Plaintiff's counsel has delivered to Defendants' counsel an IRS Form W-9 for Plaintiff and her Counsel. The Parties agree to the following payment terms:

a) A check in the amount of $5,555.00 made payable to "Cohen and Cohen Law" delivered to Plaintiff's counsel within 30 days of court approval of this settlement agreement, subject to the issuance of a 1099;

b) A check in the amount of $9,445.00 made payable to "Laura Aristizabal" delivered to Plaintiff's counsel within 30 days of court approval of this settlement agreement, subject to the issuance of a 1099.

c) Payments are to be submitted to the following address:

   COHEN & COHEN LAW
   540 East 180th Street, Suite 203
   Bronx, New York 10457

**d)** If Defendants fail to make any of the payments by the deadlines outlined above, Plaintiff's counsel will notify Defendants' counsel of the default via email at **robert@seolawgroup.com**. Defendants will then have fourteen (14) days from the transmission of the notice to cure the default.

2. **Taxes**

Each payer of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

3. **Full Payment**

a) Except as set forth in this Paragraph 1, Plaintiff is not entitled to and shall not receive, any other payments or benefits from Defendants. Plaintiff acknowledges and agrees that after receipt of the consideration set forth in Paragraph 1, she will have been paid

        and/or received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which they are, were, or may have been entitled.

   b)    The payments reflected in this Paragraph 1 are made in full and complete settlement of any and all claims by Plaintiff against Defendants including but not limited to any and all claims arising from or concerning employment or the termination thereof, for actual damages, front pay, back pay, compensatory damages, liquidated damages, economic damage, punitive damages, interest, attorneys' fees and costs and all claims which were or could have been in Plaintiff's Complaint.

**4. Releases**

In exchange for the Settlement Payment set forth in Paragraph 1 of this Agreement, and other valuable consideration set forth elsewhere in this Agreement, Plaintiff shall, for herself, her attorneys, agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasors"), knowingly, voluntarily and with the advice of counsel, fully and forever release, acquit, waive, and discharge the Defendants, their present or former officers, directors, subsidiaries, affiliates, partners, employees, agents, attorneys, accountants, executors, administrators, personal representatives, heirs, predecessors, successors and assigns, and any or all of them and all persons acting by, through, under, or in concert with any of them, in their personal, individual, official and/or corporate capacities, from any and all claims asserted in the Complaint in the Action, including FLSA, NYLL, Title VII of the Civil Rights Act, New York State Human Rights Law claims arising up to and including the date of execution of this Agreement, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the Releasors, or any of them, may assert anywhere in the world against the Releasees, or any of them, relating to FLSA or NYLL violations and wage-and-hour claims arising as a result of their employment with Defendants, or relating to Title VII of the Civil Rights Act and New York State Human Rights Law discrimination, harassment, and constructive termination claims or any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in the Action (collectively, the "Released Claims").

**5. Stipulation of Discontinuance**.

Plaintiff's counsel will provide defense counsel a signed stipulation of discontinuance which will be held in escrow pending the receipt of the settlement payments by Plaintiff's counsel. Parties, by their respective counsel, shall execute the Stipulation of Discontinuance with prejudice of the Action, and Defendants' counsel shall be permitted to file this stipulation with the Court upon receipt of the confirmation that Plaintiff's counsel received the settlement checks.

**6. Non-Admission of Liability**.

By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiff, all such liability being expressly denied. Rather, Defendants enter into this Agreement to avoid further litigation and to resolve and settle all disputes with Plaintiff. The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be used as evidence with respect to the claims asserted in the Action or in any

other proceeding or dispute whatsoever. However, the Parties do agree that this Agreement may be used by either party in any proceeding to enforce its terms.

7. **Dismissal of the Lawsuit**

Plaintiff agrees to the dismissal of the Action with prejudice. The parties authorize and instruct their Counsel to sign a Stipulation of Discontinuance with Prejudice ("the Stipulation of Discontinuance") in the form attached to this Agreement as Exhibit A, and Defendants' counsel shall be permitted to file this stipulation with the Court upon the receipt of the settlement checks by Plaintiff's counsel.

8. **Entire Agreement**

This Agreement, together with all attachments, constitute the entire Agreement between the Parties. All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement. This Agreement may not be modified, altered, or changed except upon express written consent of both of the Parties wherein specific reference is made to this Agreement.

9. **Binding Effect**

This Agreement shall be binding upon and inure to the benefit of the Parties.

10. **Arm's Length Transaction; Materiality of Terms**

The Parties have negotiated the terms and conditions of this Agreement at arm's length, through authorized counsel. No term of this Agreement will be construed against either Party, as this entire Agreement is the result of arm's-length negotiations between the parties. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

11. **Construction.**

The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties. Therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any drafting Party. The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

12. **Governing Law**

The Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision.

13. **Exclusive Jurisdiction**

Jurisdiction for the enforcement of this Agreement shall be exclusively vested in the Federal District Court for the Southern District of New York. The parties hereby agree that this court shall retain jurisdiction solely for the purposes of enforcing the terms of this Agreement.

## 14. Advice of Counsel.

All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing. Plaintiff hereby represents that she has consulted her attorney about this Agreement before signing it.

## 15. Attorney's Fees and Costs

Except as specifically provided in this agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Action.

Breach: Any party shall be entitled to commence an action against each other in case of an alleged breach. In any action to enforce the provisions of this agreement, the prevailing party shall be entitled to collect its attorney fees and costs from the non-prevailing party. In any action to enforce this agreement, any party may submit this agreement to the Court for enforcement purposes without seal.

## 16. Fair and Reasonable Settlement

The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Action. The Parties also agree that there was no undue influence, duress, overreaching, collusion or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

## 17. Severability

In the event that any provision of this Agreement or the application thereof should be held to be void, voidable, unlawful or, for any reason, unenforceable, the remaining portion and application shall remain in full force and effect, and to that end the provisions of this Agreement are declared to be severable.

## 18. Counterparts

This Agreement may be executed in counterparts, each of which shall be deemed as an original but all of which shall constitute one and the same instrument. Signature pages may be executed

and delivered using facsimile or electronic means, including pdf or similar file type transmitted via email, cloud-based server, or signature technology.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the date(s) set forth below:

**THE PARTIES ARE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE VOLUNTARILY AND KNOWINGLY.**

**THE PARTIES ACKNOWLEDGE THAT THIS SETTLEMENT AGREEMENT AND RELEASE WAS TRANSLATED INTO A LANGUAGE UNDERSTOOD BY THE PARTIES, THAT THEY HAVE HAD THE OPPORTUNITY TO REVIEW AND CONSIDER THE TERMS AND PROVISION OF THIS AGREEMENT, AND THAT THEY HAVE CONSULTED WITH THEIR LEGAL COUNSEL BEFORE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE.**

PLAINTIFF

LAURA ARISTIZABAL

_____     Date: 02/10/2025
LAURA ARISTIZABAL


DEFENDANTS

IRVINGTON LAUNDRY & CLEANERS, INC.

_____     Date: _____
JOHN KIM as an authorized corporate representative of IRVINGTON LAUNDRY & CLEANERS, INC.


JOHN KIM

_____     Date: _____
JOHN KIM

and delivered using facsimile or electronic means, including pdf or similar file type transmitted via email, cloud-based server, or signature technology.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the date(s) set forth below:

**THE PARTIES ARE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE VOLUNTARILY AND KNOWINGLY.**

**THE PARTIES ACKNOWLEDGE THAT THIS SETTLEMENT AGREEMENT AND RELEASE WAS TRANSLATED INTO A LANGUAGE UNDERSTOOD BY THE PARTIES, THAT THEY HAVE HAD THE OPPORTUNITY TO REVIEW AND CONSIDER THE TERMS AND PROVISION OF THIS AGREEMENT, AND THAT THEY HAVE CONSULTED WITH THEIR LEGAL COUNSEL BEFORE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE.**

PLAINTIFF

LAURA ARISTIZABAL

_____     Date: _____
LAURA ARISTIZABAL

DEFENDANTS

IRVINGTON LAUNDRY & CLEANERS, INC.

_____/s/ John Kim_____     Date: 2/10/ 2025
JOHN KIM as an authorized corporate representative of IRVINGTON LAUNDRY & CLEANERS, INC.

JOHN KIM

_____/s/ John Kim_____     Date: 2/10/ 2025
JOHN KIM

**Dated: White Plains, NY
May 1, 2025**

SO ORDERED:

_____
HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------

LAURA ARISTIZABAL,　　　　　　　　　　　　　　　Case No.: 7:24-cv-04582-NSR

　　　　　　　　　　　　Plaintiff,

　　-against-

IRVINGTON LAUNDRY & CLEANERS, INC.　　**STIPULATION OF**
and JOHN KIM,　　　　　　　　　　　　　　　**DISCONTINUANCE WITH**
　　　　　　　　　　　　　　　　　　　　　　　**PREJUDICE**
　　　　　　　　　　　　Defendants.
------------------------------------------------------------------------

　　　　IT IS HEREBY STIPULATED AND AGREED by and between the parties that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, the above captioned action is hereby discontinued with prejudice without costs or disbursements.  This stipulation may be filed and entered with the Clerk of Court without further notice.

Dated:  February  , 2025

_____　　　　_____
Jaazaniah Asahguii, Esq.　　　　　　　　　　Robert Jun
COHEN & COHEN LAW　　　　　　　　　　　Seo Law Group PLLC
Attorneys for Plaintiff　　　　　　　　　　　Attorneys for Defendants
540 East 180th Street, Suite 203　　　　　　136-68 Roosevelt Avenue, Suite 726
Bronx, NY 10457　　　　　　　　　　　　　Flushing, NY 11354